(112 App. Div. 276)

## WEISS v. RUBINSON et al.

(Supreme Court, Appellate Division, Second Department. April, 20, 1906.)

BROKERS—RIGHT TO COMMISSION—PRODUCING PURCHASER.

A real estate agent does not produce purchasers willing to execute a contract on the terms prescribed, so as to be entitled to commissions, where they insist on more onerous terms than those verbally agreed on, and on denial thereof refuse to buy.

[Ed. Note.—For cases in point, see vol. 8, Cent. Dig. Brokers, §§ 72, 75, 76.]

Appeal from Kings County Court.

Action by Max Weiss against Max Rubinson and another. From a judgment for plaintiff, and from an order denying a motion for new trial, defendants appeal. Reversed.

Argued before WOODWARD, JENKS, HOOKER, and RICH, JJ.

W. H. Burby, for appellants.

M. Hallheimer, for respondent.

PER CURIAM. The defendants, who owned two houses, hired the plaintiff as a broker to procure purchasers. The plaintiff brought Greenberg and Schiller as purchasers to the defendants. One of the defendants testifies that plaintiff then told him that they had seen the houses, and were ready to purchase them; that thereupon defendant asked him if they had seen mechanics and plumbers working on it, and a scaffold, and that Greenberg answered that he had examined it, and everything was all right. Greenberg then asked if he had any violations, and the witness answered "Yes," and showed a contract with a mechanic that was satisfactory to the department. Greenberg suggested that it be put in the contract, but the owner refused, saying that they would put in the contract with the mechanics for removing the violations. Thereupon the purchasers said that they "would do everything; we will take your word for it." The plaintiff then asked if they would take a deposit. The defendants refused, but finally accepted a deposit from each purchaser. Thereupon a receipt was given by the defendants, which provided that a contract should be made two days later (June 16th) at a certain place, title to be delivered on August 1st thereafter. When the parties met at the appointed time and place, an attorney for the purchaser insisted that the removal of the violations should be embodied in the contract. The defendants refused, saying that they had not agreed. At the same time they again exhibited the contract with the mechanics, and stated that they would see to it that the violations were removed before the deed was delivered. Thereupon the purchasers said that they did not want the premsies, but demanded their deposits, which were finally paid to them. Nothing further was done. Although the proposed purchasers were called to the stand after the defendants had given their testimony, neither of them contradicted the defendants. The broker now sues for his commissions.

If the testimony of the defendants is to be credited, then the purchasers insisted upon more onerous terms in the contract than those which were verbally agreed upon between them, and the defendants were not bound to execute such contract. Under such circumstances, the plaintiff did not produce a purchaser willing to execute a contract upon the terms prescribed. Platt v. Kohler, 65 Hun, 559, 20 N. Y. Supp. 547; Pullich v. Casey, 43 App. Div. 112, 59 N. Y. Supp. 298.

The judgment is reversed, and a new trial ordered; costs to abide the event.